IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **UNDER SEAL** |
| CULLEN LATHAM ROBERTS, | Case No. 1:20-MJ-332 |
| *Defendant*. | |

**GOVERNMENT'S MOTION TO SEAL PURSUANT TO LOCAL RULE 49(B)**

The United States, through undersigned counsel, hereby moves the Court pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, for an Order to Seal the criminal complaint, affidavit in support of the complaint, and arrest warrant, together with this motion to seal and proposed order, until further motion of the government to unseal.

**I.      REASONS FOR SEALING** (Local Rule 49(B)(1))

1.      Agents of the Federal Bureau of Investigation (FBI), in conjunction with the U.S. Postal Inspection Service, have been investigating Cullen Roberts, a Darknet drug distributor who uses the moniker "Pillpusher."  Roberts is currently on pretrial supervision in Georgia for a state charge of making terroristic threats.  Roberts is charged in the criminal complaint with distribution of prescription controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

2.      Sealing is necessary to avoid premature disclosure and notification of the existence of the criminal complaint and warrant, which could result in flight from prosecution, tampering

with potential witnesses, or destruction of evidence, or could otherwise jeopardize the investigation.

## II.     REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal complaints and affidavits in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

## III.    PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The United States asks that the criminal complaint, affidavit in support of the complaint, and arrest warrant, as well as this motion and proposed order, remain sealed until the defendant is arrested or the government otherwise determines that the unsealing is appropriate and makes a motion for that purpose, whichever comes first.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the criminal complaint, affidavit in support of the complaint, arrest warrant, and this motion to seal and proposed order be sealed until further the motion of the United States.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: *Katherine E. Rumbaugh*  11/25/2020
Katherine E. Rumbaugh
Assistant United States Attorney