









AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>CULLEN LATHAM ROBERTS,<br><br><br>_____<br>_Defendant(s)_ | )<br>)<br>)<br>)<br>)<br>) |

Case No. 1:20-MJ-332

**UNDER SEAL**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of    August 2020 to November 2020    in the county of    Prince William    in the

Eastern    District of    Virginia    , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of Controlled Substances |

This criminal complaint is based on these facts:

SEE AFFIDAVIT

☑ Continued on the attached sheet.

Reviewed by AUSA/SAUSA:

Katherine E. Rumbaugh, AUSA

_Complainant's signature_

Special Agent Samad D. Shahrani, FBI
_Printed name and title_

Attested to in accordance with the requirements of
Fed. R. Crim. P. 4.1 via telephone.

Date:    11/25/2020

_Judge's signature_

City and state:    Alexandria, Virginia

Honorable Ivan D. Davis, U.S. Magistrate Judge
_Printed name and title_

GOVERNMENT
EXHIBIT

89

PENGAD 800-631-6989

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | Case No.  1:20-MJ-332 |
| CULLEN LATHAM ROBERTS, | |
| *Defendant*. | |

**AFFIDAVIT IN SUPPORT OF**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Samad D. Shahrani, first being duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been employed as an FBI Special Agent since September 2011. I am currently assigned to a Hi-Tech Organized Crime squad based at the Northern Virginia Resident Agency of the FBI's Washington Field Office. I was previously assigned to the FBI's New York Field Office from completion of my training in February 2012, until my transfer to the Washington Field Office in April 2019. While in New York, I was assigned to a Cyber Criminal Computer Intrusion squad from approximately October 2012 until April 2019. The focus of that squad was to investigate computer hacking and associated computer-facilitated criminal activity.

2.      I have experience investigating violations of narcotics trafficking offenses and computer-facilitated crimes. I have sworn to affidavits in support of arrest warrants and search warrants for computer hacking violations, as well as violations pertaining to illegal narcotics, monies or proceeds derived from the sale of illegal narcotics, and records, ledgers, and documents

pertaining to the purchase and sale of controlled substances. I have also conducted and participated in narcotics and money laundering investigations resulting in the arrest and conviction of drug distributors, and seizures of controlled substances, including prescription drugs. As a result, I am familiar with the use, effects, distribution techniques, appearance, and method of manufacture of controlled substances. Additionally, I am familiar with the functioning and structure of narcotics markets operating on internet-based Darknets ("Darknet markets") including the operations of Darknet market administrators ("admins"), the sellers on such markets ("vendors"), and the purchasers on such markets ("buyers").

3.      I am submitting this affidavit in support of an arrest warrant and a criminal complaint charging the defendant, Cullen Latham ROBERTS ("ROBERTS"), with distribution of controlled substances, including oxycodone, oxymorphone, and amphetamine, all Schedule II controlled substances; and alprazolam (brand name: Xanax) and tramadol, both Schedule IV controlled substances, in violation of Title 21, United States Code, Section 841(a)(1). ROBERTS carries out his distribution of controlled substances by way of the Darknet.

4.      This affidavit is intended to show merely that there is probable cause for the requested criminal complaint and arrest warrant and does not set forth all of my or the government's knowledge about this matter. All information contained in this affidavit is either personally known to me, has been communicated to me by other law enforcement officers, or has been described in reports, records, or documents gathered during this investigation that I have reviewed. When I assert that a statement was made by an individual, that statement is described in substance and in part, but my assertion is not necessarily intended to constitute a verbatim recitation of the entire statement.

## TECHNICAL BACKGROUND

5.      Digital currency (also known as cryptocurrency) is generally defined as an electronic-sourced unit of value that can be used as a substitute for fiat currency (*i.e.*, currency created and regulated by a government).  Digital currency exists entirely on the internet and is not stored in any physical form.  Digital currency is not issued by any government, bank, or company and is instead generated and controlled through computer software operating on a decentralized peer-to-peer network.  Digital currency is not illegal in the United States and may be used for legitimate financial transactions.  However, digital currency is often used for conducting illegal transactions, such as the sale of controlled substances.

6.      Bitcoin[1] is a type of digital currency.  Bitcoin payments are recorded in a public ledger that is maintained by peer-to-peer verification and is thus not maintained by a single administrator or entity.  Individuals can acquire Bitcoins either by "mining" or by purchasing Bitcoins from other individuals.  An individual can "mine" for Bitcoins by allowing his/her computing power to verify and record the Bitcoin payments into a public ledger.  Individuals are rewarded for this by being given newly created Bitcoins.

7.      An individual can send and receive Bitcoins through peer-to-peer digital transactions or by using a third-party broker.  Such transactions can be done on any type of computer, including laptop computers and smart phones.

8.      Bitcoins can be stored in digital "wallets."  A digital wallet essentially stores the access code that allows an individual to conduct Bitcoin transactions on the public ledger.  To access Bitcoins on the public ledger, an individual must use a public address (or "public key") and

---

[1] Between December 31, 2019 and November 12, 2020, the value of one Bitcoin fluctuated between approximately $3,858.00 USD and approximately $16,169.00 USD according to Coinbase, a cryptocurrency exchange that, among other cryptocurrencies, deals in Bitcoin.

operated on YELLOW BRICK since approximately April 27, 2020. As of November 12, 2020, PILPUSHER had a 100% positive feedback rating from their buyers on the market. PILLPUSHER accepted payments for the drugs PILLPUSHER sold via cryptocurrency, specifically via Bitcoin.

*Initial Undercover Purchases from PILLPUSHER*

15. In and around July 2020, agents of the FBI conducted three separate undercover purchases of controlled substances from PILLPUSHER through the YELLOW BRICK market. Specifically:

16. On or about July 3, 2020, an employee of the FBI acting in an undercover capacity (the "UC") placed an order with PILLPUSHER for ten 40-mg oxymorphone pills (brand name: Opana). On July 13, 2020, FBI agents retrieved the ordered package from a mailing location in the Eastern District of Virginia. The package had been mailed via the U.S. Postal Service from Cumming, Georgia, to the Eastern District of Virginia. The package was opened and contained what appeared to be prescription pills. The pills were submitted to the DEA's Mid-Atlantic Laboratory for testing, and analysis confirmed that the pills contained the Schedule II controlled substance oxymorphone.

17. On or about July 22, 2020, the UC placed an order with PILLPUSHER for ten 80-mg oxycodone pills. On July 27, 2020, FBI agents retrieved the ordered package from a mailing location in the Eastern District of Virginia. This package had also been mailed via the U.S. Postal Service from Cumming, Georgia, to the Eastern District of Virginia. The package was opened and contained what appeared to be prescription pills. The pills were submitted to the DEA's Mid-Atlantic Laboratory for testing, and analysis confirmed that the pills contained the Schedule II controlled substance oxycodone.

93

18.     On or about July 30, 2020, the UC placed an order with PILLPUSHER for twenty 25-mg tablets of dextroamphetamine-amphetamine (brand name: Adderall XR).     On August 5, 2020, FBI agents retrieved the ordered package from a mailing location in the Eastern District of Virginia.  This package had also been mailed via the U.S. Postal Service from Cumming, Georgia, to the Eastern District of Virginia.  The package was opened and contained what appeared to be prescription pills.  The pills were submitted to the DEA's Mid-Atlantic Laboratory for testing, and analysis confirmed that the pills contained the Schedule II controlled substance amphetamine.

*Surveillance of the Cumming (GA) Post Office*

19.     On or about August 5, 2020, the UC placed an order with PILLPUSHER for ten 40-mg Opana oxymorphone pills.

20.     The FBI relayed the shipping address for this order to a USPIS Postal Inspector in the Atlanta area.  The Postal Inspector then conducted physical surveillance of the Post Office in Cumming, Georgia, on or about August 6, 2020.

21.     During that surveillance, the Postal Inspector observed a young, white male with a slim build approach the retail counter of the Post Office and hand a Priority Mail envelope to the clerk.  The clerk scanned the tracking number of the pre-printed postage label then handed a receipt to the young man. The young man then left the post office, got into a light-colored sedan, and drove away.  The Postal Inspector was unable to obtain a license plate for the observed vehicle at that time.

22.     The Postal Inspector seized the Priority Mail package that the young man had dropped off.  The package was addressed to the covert mailing address in the Eastern District of Virginia that the UC had provided to PILLPUSHER.

7

23.     The Postal Inspector repackaged the package and sent it to the FBI Washington Field Office.  For reasons unknown—and which are currently under investigation—the package containing the seized envelope was last scanned at a United States Postal Service (USPS) sorting facility in Georgia and was delayed in reaching the FBI Washington Field Office. The package was eventually received on November 23, 2020.  All seals on the package were intact, and the package was found to contain 10 pills consistent in appearance with oxymorphone. A preliminary field test on one of the pills returned a result of oxymorphone. These pills are pending submission to the DEA Mid-Atlantic laboratory.  The tracking records for the original package were spoofed to show a successful delivery so as not to arouse PILLPUSHER's suspicions should they track the package.

24.     As of August 6, 2020, there was no video surveillance of the interior or exterior of the Cumming Post Office.  Subsequently, USPIS established video surveillance of both the interior and exterior of the building.

*Identification of ROBERTS*

25.     On August 14, 2020, an interior camera at the Cumming Post Office captured footage of what appeared to be the same young, slim, white male observed at the Post Office on August 6.  An exterior camera captured a silver 2004 Buick bearing Georgia license plate CJW1648 depart the parking lot of the Cumming Post Office shortly thereafter.  The Postal Inspector identified this vehicle as the same light-colored sedan they had observed on August 6.

26.     Georgia Department of Motor Vehicles (DMV) records revealed that the vehicle is registered to ROBERTS.  DMV records for ROBERTS, which included a photograph, revealed that ROBERTS is listed as 22 years old, 6'2" tall, and weighing 132 lbs—a description consistent with the individual observed on video surveillance on August 14 and in person on August 6.

27.     A check of the Georgia Board of Pharmacy website on September 23, 2020, revealed that ROBERTS was issued Pharmacy Technician license PHTC046430 on July 25, 2018, with a listed expiration date of June 30, 2019. At the time of review, the "license status" was listed as "Lapsed"; thus, I believe that ROBERTS does not have a current valid license to work as a pharmacy technician. The expired license was associated with CVS Pharmacy #2945, and the relationship was listed as "Employment." A review of the CVS website on October 5, 2020, revealed that the address of CVS Pharmacy #2945 is 13933 Alpharetta Highway in Milton, Georgia, which is approximately 13 miles from Cumming.

*Additional Undercover Purchases from PILLPUSHER*

28.     After ROBERTS was initially identified in August 2020 from the physical and video surveillance at the Cumming Post Office, the FBI conducted additional undercover purchases of prescription drugs from PILLPUSHER (ROBERTS). Specifically:

| Date Ordered | Method of Order | Item Ordered | Date Received | Lab Analysis |
|---|---|---|---|---|
| 8/16/2020 | Email | 14 tablets 20-mg dextroamphetamine-amphetamine (Adderall IR) | 8/20/2020 | Dextroamphetamine-amphetamine (Schedule II) |
| 8/31/2020 | Email | 10 pills 40-mg oxymorphone (Opana) | 9/8/2020 | Oxymorphone (Schedule II) |
| 9/25/2020 | Yellow Brick listings | 20 pills 80-mg oxycodone | 10/1/2020 | Oxycodone (Schedule II) |
| 9/30/2020 | Yellow Brick listings | 10 pills 40-mg oxymorphone (Opana) | 10/8/2020 | Results pending |
| 10/5/2020 | Yellow Brick listings | 40 pills 80-mg oxycodone | 10/8/2020 | Results pending |
| 10/13/2020 | Yellow Brick listings | 20 pills 80-mg oxycodone | 10/22/2020 | Results pending |

9

| 10/23/2020 | Yellow Brick listings | 10 tablets 2-mg alprazolam (Xanax) | 10/29/2020 | Results pending |
| 10/28/2020 | Yellow Brick listings | 10 pills 40-mg oxymorphone (Opana) | 10/29/2020 | Results pending |

29.    As listed above, on September 25, October 5, and October 13, 2020, the UC placed an order with PILLPUSHER for 80-mg oxycodone pills. Notably, on each occasion, the pills arrived in foil-covered blister-packs labeled "Oxicodone Sandoz 80 mg." The lot number listed on all of the blister packs was "KC4290." Additionally, on October 23, 2020, the UC placed an order with PILLPUSHER for 2-mg alprazolam tablets. On this occasion, the pills arrived in foil-covered blister-packs labeled "Alprazolam Kern Pharma 2mg." Sandoz and Kern Pharma are both generic pharmaceutical manufacturers; Sandoz is headquartered in Germany, and Kern is headquartered in Spain.

30.    Video surveillance at the Cumming Post Office on multiple occasions captured ROBERTS in the post office at approximately the same time as records show that the undercover packages were mailed.

*Physical Surveillance of ROBERTS*

31.    Georgia DMV records listed a residential address in Duluth, Georgia, as the address associated with ROBERTS's driver's license. On or about October 19, 2020, FBI agents conducted physical surveillance at this residence. Additionally, agents collected garbage from a garbage can left out on the street in front of the residence. The garbage was subsequently examined for items of evidentiary value and these items were photographed.

32.    Among the items located in the garbage from ROBERTS's residence were six empty boxes of 2-mg alprazolam manufactured by Kern Pharma. This labeling was consistent with that of the blister-packs of alprazolam subsequently ordered from PILLPUSHER. The

97

exterior packaging was labeled in Spanish and indicated that each box had contained 50 pills, for a total of 300 2-mg alprazolam pills. Alprazolam, as noted above, is more commonly known by the brand name Xanax and is a Schedule IV controlled substance. Notably, both before and after agents examined ROBERTS's trash, PILLPUSHER had a contemporaneous listing on his YELLOW BRICK vendor page for 2-mg Xanax, which matched the description of the contents of the recovered boxes.

33. Additionally, two empty boxes labeled "Oxicodone Sandoz 80mg" and bearing lot number "KC4290" were also recovered from ROBERTS's trash. This labeling was consistent with that of the blister-packs of 80-mg oxycodone ordered from PILLPUSHER.

34. As noted above, the package that the UC ordered from PILLPUSHER on October 13 was received on October 22, 2020. The package contained suspected oxycodone in blister-packs, and the blister-packs were labeled "Oxicodone Sandoz 80 mg" and lot number "KC4290." The return address for this package was listed as "Simple Strands, 115 Merchants Square, Cumming, GA 30040."

35. Also on October 22, 2020, ROBERTS was observed exiting his residence, entering his silver Buick, and driving to the Cumming Post Office. There, he dropped off multiple packages in a blue collection box in front of the Cumming Post Office. ROBERTS then drove back to his residence.

*The Intercepted Package*

36. The Postal Inspector examined the blue collection box that ROBERTS had used and recovered a total of eight packages; seven were Priority Mail Express mailers, and one was a Priority Mail mailer. The packages were addressed to locations throughout the United States, but they all bore the same return address of "Simple Strands, 115 Merchants Square, Cumming, GA

11

30040," identical to the package containing the UC order from PILLPUSHER that was received on October 22 in the Eastern District of Virginia.

37.     The exteriors of the eight packages were photographed. The seven Priority Mail Express mailers were not seized so as not to alert ROBERTS to the investigation. The lone Priority Mail package was subjected to examination by a drug detection canine on October 23, 2020, but the dog did not alert on the package. Nevertheless, on October 28, 2020, a search warrant was issued from the Northern District of Georgia for the seized Priority Mail package. The Postal Inspector opened the package and found that the package contained a sealed plastic pouch containing dozens of white pills, totally approximately 60 grams. A photo is below:



99

One of the pills field-tested positive for the Schedule IV controlled substance tramadol. Tramadol was a drug advertised for sale on YELLOW BRICK by PILLPUSHER. These pills are pending submission for laboratory testing.

38. In total, as of November 23, 2020, law enforcement has ordered and seized a total of (a) 34 Adderall tablets of at least two types and strengths, (b) 100 oxycodone 80-mg pills of at least two different types, (c) 50 oxymorphone 40-mg pills, and (d) 10 alprazolam 2-mg pills from PILLPUSHER (ROBERTS) through either purchases on the YELLOW BRICK DNM or direct email orders with PILLPUSHER.

## CONCLUSION

39. The foregoing facts demonstrate that ROBERTS has been distributing prescription controlled substances through his use of the Darknet, specifically under the moniker PILLPUSHER and using the YELLOW BRICK DNM.

40. Accordingly, I submit that there is probable cause to believe that from in or around August 2020 to November 2020, within the Eastern District of Virginia and elsewhere, the defendant, CULLEN LATHAM ROBERTS, did unlawfully, knowingly, and intentionally distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

Respectfully submitted,

_____
Special Agent Samad D. Shahrani
Federal Bureau of Investigation

Attested to in accordance with the requirements of
Fed. R. Crim. P. 4.1 via telephone on November 25, 2020.

_____
The Honorable Ivan D. Davis
United States Magistrate Judge

13



# <u>NOTICE TO COUNSEL OF RECORD AND PARTIES</u>

**TO:**      Alana Black

**FROM:**    Jill Ayers          , Deputy Clerk

**DATE:**     12/21/2020

**CASE NO.:**  1:20-mj-1047-RGV

**SUBJECT:**   **RECLAMATION AND DISPOSITION OF DOCUMENTARY EXHIBITS**

Pursuant to Local Rule 79.1(D), you are hereby notified that the documentary exhibits in the above styled case will be disposed of if you have not recovered same within 30 days from the date of this letter.[1] Any audio and video exhibits will be retained until after the time for appeal has expired, or in appealed cases, until entry of the appellate court's mandate.

Please date and sign this Notice to acknowledge receipt, indicate how the exhibits should be handled, and electronically file the signed Notice using the **Exhibit Disposition Notification** event in CM/ECF. The event is located under the Other Documents heading.

(If you will be picking up exhibits, please allow at least 24 hours from the filing of your notice to ensure the exhibits are ready for pickup.)

**Receipt of this Notice is hereby acknowledged.**   _____
                                                          **(Signature)**

☐ **Documentary Exhibits will be picked up no later than** _____
                                                              **(Date)**

☐ **Documentary Exhibits may be destroyed.**  _____  **(Initials)**

*Note: If someone other than the attorney of record will be picking up exhibits, a letter of authorization from the attorney of record is required.*

**Exhibits Received by:**  _____
                                                 **(Signature)**

**This** _____ **day of** _____, **2019**

---

[1] The exhibits have been uploaded to the electronic file which is the official record of the court.

```
MIME-Version:1.0
From:ganddb_efile_notice@gand.uscourts.gov
To:CourtMail@localhost.localdomain
Bcc:
--Case Participants: Jay Lester Strongwater (jls@bh2o.com, nh@bh2o.com), Alana R. Black
(alana.black@usdoj.gov, caseview.ecf@usdoj.gov, gaylene.berberick@usdoj.gov,
tanya.kenner-bowen@usdoj.gov, usagan.motionsresponses@usdoj.gov), Magistrate Judge Russell
G. Vineyard (ganddb_efile_rgv@gand.uscourts.gov)
--Non Case Participants: GA-N Probation (ganp_intake@ganp.uscourts.gov)
--No Notice Sent:

Message-Id:11439349@gand.uscourts.gov
Subject:Activity in Case 1:20-mj-01047-RGV USA v. Roberts Notice of Hearing
```
Content−Type: text/html

## U.S. District Court

## Northern District of Georgia

## Notice of Electronic Filing

The following transaction was entered on 12/29/2020 at 1:02 PM EST and filed on 12/29/2020

| | |
|---|---|
| **Case Name:** | USA v. Roberts |
| **Case Number:** | <u>1:20−mj−01047−RGV</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **NOTICE OF HEARING as to Cullen Latham Roberts. Detention Hearing reconvenes on 1/6/2021 at 09:30 AM in ATLA Courtroom 2022 before Magistrate Judge Russell G. Vineyard. (aez)**


**1:20−mj−01047−RGV−1 Notice has been electronically mailed to:**

Alana R. Black &nbsp &nbsp Alana.Black@usdoj.gov, caseview.ecf@usdoj.gov,
CaseView.ECF@usdoj.gov, gaylene.berberick@usdoj.gov, tanya.kenner−bowen@usdoj.gov,
USAGAN.MotionsResponses@usdoj.gov

Jay Lester Strongwater &nbsp &nbsp jls@bh2o.com, nh@bh2o.com

**1:20−mj−01047−RGV−1 Notice has been delivered by other means to:**

**MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)**

FILED IN OPEN COURT

DATE: 01/06/2021 @ 9:47 am

TAPE: FTR

TIME IN COURT: 6 mins

| | |
|---|---|
| MAGISTRATE JUDGE: RUSSELL G. VINEYARD | COURTROOM DEPUTY CLERK: PHYLLIS BRANNON |
| CASE NUMBER: 1:20-mj-1047-RGV-1 | DEFENDANT'S NAME: Cullen Latham Roberts |
| AUSA: Alana Black | DEFENDANT'S ATTY: Jay Strongwater |
| USPO / PTR: Steven Witherspoon | ☑ Retained ☐ CJA ☐ FDP ☐ Waived |

_____ ARREST DATE _____

_____ Initial appearance hearing held.                    _____ Defendant informed of rights.

_____ Interpreter sworn:

### COUNSEL

_____ ORDER appointing Federal Defender as counsel for defendant.

_____ ORDER appointing _____ as counsel for defendant.

_____ ORDER: defendant to pay attorney's fees as follows: _____

### IDENTITY / PRELIMINARY HEARING

_____ Defendant WAIVES identity hearing.                    _____ WAIVER FILED

_____ Identity hearing HELD.        Def is named def. in indictment/complaint; held for removal to other district.

_____ Defendant WAIVES preliminary hearing in this district only.                    _____ WAIVER FILED

_____ Preliminary hearing HELD.        Probable cause found; def. held to District Court for removal to other district

_____ Commitment issued.

### BOND/PRETRIAL DETENTION HEARING

_____ Government motion for detention filed .                    _____ @

_____ Pretrial hearing set for _____ @ _____        ☐ In charging district.)

**X** Bond/Pretrial detention hearing held.

**X** Government motion for detention ☑ GRANTED ☐ DENIED

**X** Pretrial detention ordered.        **X** Written order to follow.

_____ BOND set at                    NON-SURETY                    SURETY

_____ cash        _____ property        _____ corporate surety ONLY

**X** SPECIAL CONDITIONS: The defendant consented to removal. He will be transported to

a federal medical center before being transported to the Eastern District of Virginia.

_____ Bond filed.  Defendant released.

_____ Bond not executed.   Defendant to remain in Marshal's custody.

_____ Motion   (      verbal)   to reduce/revoke bond filed.

_____ Motion to reduce/revoke bond        _____ GRANTED        _____ DENIED

_____ See page 2

103

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| CULLEN LATHAM ROBERTS | ) | Case No.    1:20-mj-1047-RGV |
| | ) | |
| _Defendant_ | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

     ❏ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

     ☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** _(previous violator)_: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

     ❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

         ❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

         ❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

         ❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

         ❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

         ❏ **(e)** any felony that is not otherwise a crime of violence but involves:
            **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; _and_

     ❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; _and_

     ❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; _**and**_

     ❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ❑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ❑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ❑ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ❑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ❑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

  ❑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

  ❑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☒ Weight of evidence against the defendant is strong
  ☒ Subject to lengthy period of incarceration if convicted
  ❑ Prior criminal history
  ☒ Participation in criminal activity while on probation, parole, or supervision
  ❑ History of violence or use of weapons
  ❑ History of alcohol or substance abuse
  ❑ Lack of stable employment
  ❑ Lack of stable residence
  ❑ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

    ❏  Lack of significant community or family ties to this district
    ❏  Significant family or other ties outside the United States
    ❏  Lack of legal status in the United States
    ❏  Subject to removal or deportation after serving any period of incarceration
    ❏  Prior failure to appear in court as ordered
    ❏  Prior attempt(s) to evade law enforcement
    ❏  Use of alias(es) or false documents
    ❏  Background information unknown or unverified
    ❏  Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

    Defendant is charged with distribution of controlled substances via the Darknet. The distribution allegedly continued even after defendant had been arrested on separate and unrelated state charges for which he was released on bond with conditions, including that he not violate the law. The evidence against the defendant is strong, including surveillance of delivery and pick up of packages at the US Post Office, undercover controlled buys, and email communications. Defendant has mental health issues that merit evaluation and he presently poses a danger to the community based on the conduct charged in this case as well as the pending terroristic threats charges in the state case. He is detained and ordered to undergo a competency evaluation at a federal medical center and thereafter to be delivered to the Eastern District of Virginia where the charges are pending.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     _____01/06/2021_____      _____
                                                United States Magistrate Judge

AO 94 (Rev. 12/03) Commitment to Another District

# UNITED STATES DISTRICT COURT

| NORTHERN | District of | GEORGIA |
|---|---|---|

| UNITED STATES OF AMERICA | **COMMITMENT TO ANOTHER** |
| **V.** | **DISTRICT** |
| CULLEN LATHAM ROBERTS | |

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | | 1:20-mj-1047 | 1:20-mj-332 |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

☐ Indictment ☐ Information ☑ Complaint ☐ Other (specify)

charging a violation of 21 U.S.C. § 841(a)(1)

ATTEST: A TRUE COPY
CERTIFIED THIS

**DISTRICT OF OFFENSE**
Eastern District of Virginia

Date: 1/7/2021

**DESCRIPTION OF CHARGES:**

Distribution of controlled substances

JAMES N. HATTEN, Clerk

By: s/Traci C. Campbell
_____
Deputy Clerk

**CURRENT BOND STATUS:**

☐ Bail fixed at _____ and conditions were not met
☑ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☑ Other- Government moved for detention. Defendant consents to removal and will be transported to a federal medical center.

| **Representation:** ☑ Retained Own Counsel | ☐ Federal Defender Organization | ☐ CJA Attorney | ☐ None |
|---|---|---|---|

| **Interpreter Required?** ☑ No | ☐ Yes | Language: |
|---|---|---|

**DISTRICT OF**

## TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the designated federal medical center for a psychiatric evaluation per the Court's order and upon completion of the evaluation to deliver the defendant to the district of offense specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

| January 6, 2021 | _Russell G. Vineyard_ |
| Date | Judge |

## RETURN

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

107

```
MIME-Version:1.0
From:ganddb_efile_notice@gand.uscourts.gov
To:CourtMail@localhost.localdomain
Bcc:
--Case Participants: Jay Lester Strongwater (jls@bh2o.com, nh@bh2o.com), Alana R. Black
(alana.black@usdoj.gov, caseview.ecf@usdoj.gov, gaylene.berberick@usdoj.gov,
tanya.kenner-bowen@usdoj.gov, usagan.motionsresponses@usdoj.gov), Magistrate Judge Russell
G. Vineyard (ganddb_efile_rgv@gand.uscourts.gov)
--Non Case Participants: File Clerks (ganddb_file_clerks@gand.uscourts.gov)
--No Notice Sent:

Message-Id:11461495@gand.uscourts.gov
Subject:Activity in Case 1:20-mj-01047-RGV USA v. Roberts Termination of Magistrate Case
```
Content−Type: text/html

## U.S. District Court

## Northern District of Georgia

## Notice of Electronic Filing

The following transaction was entered on 1/7/2021 at 9:49 AM EST and filed on 1/6/2021

| | |
|---|---|
| **Case Name:** | USA v. Roberts |
| **Case Number:** | <u>1:20−mj−01047−RGV</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Magistrate Case Closed. Defendant Cullen Latham Roberts terminated. (tcc)**

**1:20−mj−01047−RGV−1 Notice has been electronically mailed to:**

Alana R. Black &nbsp &nbsp Alana.Black@usdoj.gov, caseview.ecf@usdoj.gov,
CaseView.ECF@usdoj.gov, gaylene.berberick@usdoj.gov, tanya.kenner−bowen@usdoj.gov,
USAGAN.MotionsResponses@usdoj.gov

Jay Lester Strongwater &nbsp &nbsp jls@bh2o.com, nh@bh2o.com

**1:20−mj−01047−RGV−1 Notice has been delivered by other means to:**

```
MIME-Version:1.0
From:ganddb_efile_notice@gand.uscourts.gov
To:CourtMail@localhost.localdomain
Bcc:
--Case Participants: Jay Lester Strongwater (jls@bh2o.com, nh@bh2o.com), Alana R. Black
(alana.black@usdoj.gov, caseview.ecf@usdoj.gov, gaylene.berberick@usdoj.gov,
tanya.kenner-bowen@usdoj.gov, usagan.motionsresponses@usdoj.gov), Magistrate Judge Russell
G. Vineyard (ganddb_efile_rgv@gand.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:11461510@gand.uscourts.gov
Subject:Activity in Case 1:20-mj-01047-RGV USA v. Roberts Transmittal of Rule 5(c)(3)
Documents
Content−Type: text/html
```

## U.S. District Court

## Northern District of Georgia

## Notice of Electronic Filing

The following transaction was entered on 1/7/2021 at 9:52 AM EST and filed on 1/7/2021

| | |
|---|---|
| **Case Name:** | USA v. Roberts |
| **Case Number:** | 1:20−mj−01047−RGV |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Transmittal of Rule 5(c)(3) Documents as to Cullen Latham Roberts, sent to USDC ED VA via InterDistrictTransfer email, with certified copy of Commitment Order and docket sheet. (tcc)**

**1:20−mj−01047−RGV−1 Notice has been electronically mailed to:**

Alana R. Black &nbsp &nbsp Alana.Black@usdoj.gov, caseview.ecf@usdoj.gov,
CaseView.ECF@usdoj.gov, gaylene.berberick@usdoj.gov, tanya.kenner−bowen@usdoj.gov,
USAGAN.MotionsResponses@usdoj.gov

Jay Lester Strongwater &nbsp &nbsp jls@bh2o.com, nh@bh2o.com

**1:20−mj−01047−RGV−1 Notice has been delivered by other means to:**