IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CULLEN LATHAM ROBERTS,<br><br>*Defendant*. | Case No. 1:20-MJ-332 |

**PROTECTIVE ORDER**

This matter is before the Court on the Consent Motion for Entry of a Stipulated Protective Order restricting the disclosure and dissemination of the documents, electronic records, and other information produced by the United States to the defendant as part of the government's discovery obligations in this case. These documents, electronic records, and other information ("Protected Materials"), shall be subject to the following Order:

1.  The government shall disclose Protected Materials to the defendant as part of its discovery obligations, in accordance with the Federal Rules of Criminal Procedure, relevant case law, and any Discovery Order entered in the case. Where Protected Materials are produced electronically on disc, only the physical disc (and not the individual electronic files) must be labeled "PROTECTED MATERIALS."

2.  The disclosure or provision of documents or materials by the government to the defendant shall not operate as a waiver of any privilege or protection in any other proceeding or against any third party that could or may be asserted by the holder of any such privilege or protection.

3. Access to Protected Materials shall be restricted to persons authorized by this Order, namely the defendant, the attorneys of record in this case, and the employees of the attorneys of record who are performing work on behalf of the defendant, as well as any consultants or experts assisting the attorneys of record in the preparation of this case.

4. The following restrictions are placed on the defendant, the defendant's attorneys, and the above-designated individuals, unless and until further ordered by the Court. The defendant, the defendant's attorneys, and the above-designated individuals shall not:

   a. make copies of Protected Materials for, or allow copies of any kind to be made by, any other person;

   b. allow any other person to read Protected Materials; or

   c. use the Protected Materials or information contained therein for any purpose other than preparing to defend against the criminal charges in this matter.

5. The defendant's attorneys and the above-designated individuals may share the Protected Materials with the defendant during in-person, virtual, and/or telephonic meetings, but shall not leave copies of Protected Materials with the defendant while he is in custody.

6. The defendant's attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

7. Nothing in this Order shall restrict use by the defendant's attorneys of Protected Materials or information during the defendant's investigation of the allegations and preparation of their defenses or introduction as evidence at trial, except that the Defense will notify the government prior to trial of any Protected Materials that it wishes to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary. Where appropriate, however, the defendant's attorneys must

redact any personal identifying information in the Protected Materials, in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide to February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

       8.     Prior to the disclosure of any Protected Materials to a person not identified in Paragraph 3 of this Order, counsel for the defendant must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*.

       9.     Upon conclusion of this action, and to the extent consistent with the ethical responsibilities of defense counsel, defendant' attorneys shall return to government counsel, or destroy and certify to government counsel the destruction of, all Protected Materials within a reasonable period of time, not to exceed thirty days after the one-year period of limitation set forth in 28 U.S.C. § 2255(f)(1).

      IT IS SO ORDERED.

                                            The Honorable Theresa Carroll Buchanan
                                            United States Magistrate Judge

Date: _____
      Alexandria, Virginia