IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-CR-164 |
| | : | |
| CULLEN LATHAM ROBERTS, | : | |
| | : | |
| Defendant. | : | |

**CULLEN ROBERTS SENTENCING MEMORANDUM**

Cullen Roberts is scheduled to appear before the Court on November 2, 2021 for sentencing following his plea of guilty to this three count criminal information. For reasons contained in the presentence report and set out below, Roberts submits a below guideline sentence of 18 months is sufficient but not harsher than necessary to address the sentencing factors of 18 U.S.C. §3553(a).

**Personal Background**[1]

Roberts is 23 years old. He was home schooled through high school. He has some college credits toward an undesignated major. Roberts grew up in the Houston, Texas area. His childhood and young adult life has been a long series of inner trauma

---

[1] A good deal of personal information is contained in the presentence report and Roberts' personal statement. For privacy reasons, as well as to preserve the semblance of family harmony, the defendant refers the Court to those submissions rather than publishing the same.

which has impacted his interpersonal relationships with both his immediate family and social network. For a period of time, the home environment became unsuitable, and he left to be raised by his paternal grandmother. (PSR ¶51) At age 15 or 16, Roberts found friends through on-line gaming rather than by personal interaction. (PSR ¶54) While in Texas, Roberts and his parents attempted to resolve their issues through a counselor at Alethia Family Counseling Center in Tyler, Texas. Due to religious differences, the counseling was not productive. (PSR ¶55)

In December 2020, Roberts consented to being referred to the Federal Medical Center in Fort Worth, Texas for a mental health evaluation. The psychological evaluation by Dr. Samuel Browning noted:

> [Cullen Roberts'] mood vacillates, often as a function of desire for affection, self-destructive acts, fear and a general numbness of feeling. He may engage in reckless, impulsive, or irresponsible behavior, typically in a self-destructive or self-sabotaging manner. Interpersonally, he may present in a manner that alternates between frequently needing or seeking validation/affection and being abrasive, irritable, or angry.

The diagnosis indicated that Roberts displays symptoms of Borderline Personality Disorder with Antisocial features.

Prior to his arrest, at age 19, Roberts moved away from his hometown and was

living alone in Forsyth County, Georgia. He was gainfully employed at a variety of sales positions with retail businesses. Available medical records indicate he started counseling in 2019. The records from LifeStance show Roberts was treated for Chronic Post-Traumatic Stress Disorder, Major Depressive Disorder, Attention Deficit Hyperactivity Disorder, Insomnia, Panic Disorder and Generalized Anxiety Disorder. (PSR ¶66) In 2020, Roberts doubled-up and received treatment at Focus Forward Counseling and Consulting. He received counseling from March 2020 to the time of his arrest and detention in November. (PSR ¶67 - 71) Before his arrest, Roberts sought additional treatment. He unsuccessfully sought admission to SummitRidge Hospital, a facility offering in-patient services for individuals suffering from behavioral health problems. (PSR ¶76)

The consensus of the treating physicians and counselors was that Roberts suffered from a negative self-image. These symptoms were treated with a cocktail of Lexapro, Vyvanse, Adderall, Trazadone and Xanax. Roberts states that he abused the prescribed medication in an effort to treat himself in ways other than the path the psychologists laid out. (PSR ¶80) Moreover, Roberts has self-reported that his need for validation and respect has led to episodes of cutting and suicidal ideation throughout his young adult life.

**Offense Conduct**

Roberts maintained a vendor page under the name "PillPusher" on the darknet

provider Yellow Brick Market. (PSR ¶13) For four months, from July through October 2020, Roberts sold 190 pills of oxymorphone, Adderall and Xanax for $10,417.00 to undercover agents. (PSR ¶16) All the pills were sold in their original packaging; none were adulterated or pressed by Roberts. (Roberts committed to making restitution as part of his negotiated plea. PSR ¶5)

**3553 Factors**

Justice Stevens in *Gall v. United States*, 552 U.S. 38 (2007) noted that young males lack maturity and an undeveloped sense of responsibility that often result in impetuous and ill-considered actions. *Gall* at ,citing *Roper v. Simmons*, 543 U.S. 569 (2005). The District Judge's comments from the sentencing hearing was incorporated into the decision:

> Immaturity at the time of the offense conduct is not an inconsequential consideration. Recent studies on development of the human brain conclude that human brain development may not become complete until the age of twenty-five. . . The recent National Institute of Health report confirms that there is no bold line demarcating at what age a person reaches full maturity. While age does not excuse behavior, a sentencing court should account for age when inquiring into the conduct of the defendant.

The Court concluded that immaturity at the age of the offense is a mitigating factor. Id at 58.

Roberts has been diagnosed with a range of psychological issues. The contributing factors include the aforementioned immaturity, low self-esteem, borderline personality disorder, and impulse control. Treatment for demonstrated mental health impairments is indisputable. Further incarceration may not be required to promote deterrence on either a specific or general scale.

Roberts adjusted guideline range is 37 - 46 months after credit for acceptance of responsibility and satisfying the safety valve criteria. He has been in pretrial detention since December 2021. During the twelve months in detention, he has been housed at the Robert A. Deyton Detention Center in Lovejoy, Georgia, the Federal Medical Center in Fort Worth, Texas and the William G. Truesdale Detention Center in Alexandria, Virginia. During the transfers, Roberts was placed at the Grady County Jail in Chickasha, Oklahoma.

Roberts has received little to no therapeutic counseling over the past year. He is prescribed medication to address his depression and anxiety. The counseling is limited to coping with the day to day stressors of being in detention. He is not receiving counseling on how to process the multiple issues he exhibits.

Roberts believes that participation in the Bureau of Prisons' STAGES program would be a beneficial transition from his current status as a pretrial detainee to release

under supervised release. The STAGES program is a residential program for male inmates with mental illness and a primary diagnosis of Borderline Personality Disorder. Its aim is to increase time between disruptive behaviors, foster living in the community and increase pro-social skills. This program is offered at the FCI in Terra Haute, Indiana. (See BOP description of STAGES PROGRAM - Residential, Attached as Exhibit 1)

Upon release from custody, Roberts is fully aware that counseling will be a major component of his supervised release. He intends to enter into a residential treatment facility; however, he recognizes that being a convicted felon on supervised release may deter centers from accepting him as a resident. Nevertheless, he will look for intensive therapy in whatever forum is available. Independent of the residential program, Roberts intends to reside with his father in the Atlanta metropolitan area, secure employment with a friend who is aware of his situation, and resume counseling with psychologists who are aware of his situation.[2]

**CONCLUSION**

The past eleven months have been revelatory to Cullen Roberts. He has taken a deep self-analysis of how and why he engaged in the criminal activity. It is clear

---

[2]Roberts has discussed resolution of the open case in Forsyth County, Georgia. (PSR ¶44). He and the government agree that the special conditions of supervised release contain a "no-contact" provision with a list of individuals to be furnished by the Assistant District Attorney.

to him that his past actions are destructive. A course of counseling, proper medication, and family support is the better path to follow. Roberts requests the Court provide him the opportunity to re-integrate into the community at large as well as with his nuclear family to become a law-abiding citizen. (See. Letters from his parents, Bret Roberts and Elizabeth Roberts, his grandmother Nancy Hendryx, sister Karis George and brother-in-law Ryan George, attached as Exhibits 2 - 6) A custodial sentence of 18 months followed by a term of supervised release with strict conditions monitoring his behavior would be a sufficient but not greater than necessary sentence to comply with the criteria of 18 U.S.C. §3553(a).

Respectfully submitted,

/s/ *Jay L. Strongwater*
Jay L. Strongwater
Georgia Bar No. 688750
jls@strongh2o.com
Pro Hac Counsel for Defendant

Joan Robin
VA Bar Number: 44502
joni@jonirobinlaw.com
Local Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of the within and foregoing pleadings upon counsel for the government by electronically posting through the District Court's ECF Filing System, addressed as follows:

Katherine E. Rumbaugh, Esq.
Assistant United States Attorney
Katherine.Rumbaugh@usdoj.gov

This  25th  day of  October , 2021.

_____
Joan Robin
VA Bar Number: 44502
joni@jonirobinlaw.com

114 North Alfred Street
Alexandria, VA 22314
(703) 349-1111
Local Counsel for Defendant