IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA  :  | |
| : | |
| v.  : | Case No.: 1:21-CR-164 |
| : | |
| CULLEN LATHAM ROBERTS,  : | |
| : | |
| Defendant.  : | |

**CULLEN LATHAM ROBERTS
SUPPLEMENTAL SENTENCING MEMORANDUM**

Comes now the defendant, Cullen Roberts, who submits this supplemental memorandum to respond to the government's Position of the United States with Respect to Sentencing. (Dkt 39)

One factor courts are to consider when imposing a sentence is that the sentence should be sufficient but not harsher than necessary is to avoid unwarranted disparity. 18 U.S.C. §3553(a)(6). The defendants charged in the cases cited by the government in its position statement were involved in criminal activity that was broader in scope than Roberts' activity. The defendants in those cases received below guideline sentences. If the government's recommendation is followed, Roberts will be sentenced to a term that is harsher than others engaged in dark web sales of a greater amount of controlled substances.

In *United States v. Pagan*, (1:21-CR-95), the defendant had set up a site on the dark web to sell controlled substances and counterfeit federal reserve notes. The comparison of Pagan to Roberts is stark:

|  | Pagan[1] | Roberts |
|---|---|---|
| Length of Offense Conduct | October 2016- February 2021 | March- November 2021 |
| Number of Pills | 5925 | 190 |
| Amount of Converted Drug Weight | 3,000-10,000 kgs | 100-400 kgs |
| Miscellaneous Offense Conduct | counterfeit federal notes | no other offense |
| Gross Proceeds | $1,241,426.00 | $10,417.00 owed in restitution |
| Special Conditions of Judgment | evaluation for gambling addiction | documented mental health issues/being addressed |

Pagan's initial offense level was 32 with an advisory sentencing range of 121 - 151 months. After adjustments, the range was lowered to 70 - 87 months. The Court imposed a sentence below that range of 36 months.

This Court also presided over a conspiracy of three individuals charged in separate indictments: *United States v. Hon Lam Luck* (1:20-CR-24), *United States v. Son Hoang Nguyen* (1:20-CR-155) and *United States v. Dat Quoc Nguyen* (1:20_CR-265). The attributable amount of drugs were more than that assigned to Roberts:

---

[1] *United States v. Pagan*, at Docket 24 and 32

6,000 pills weighing approximately 2.2 kilograms of methamphetamine and 400 grams of MDMA v. 190 pills intercepted from mailings by Roberts. The drugs were smuggled into the country from Vietnam. Although Chapter 2D of the Guidelines does not have the "sophisticated means" element present in fraud cases, nevertheless, the complexity of the conspiracy is far more sophisticated than the web page created by Roberts. Additionally, they defrauded their customers by advertising Adderall but shipping methamphetamine. Below guideline sentences were imposed on all three defendants:

      Son Hoang Nguyen: 87 - 108 guideline range - 46 months imposed

      Hon Lam Luk: 70 - 87 guideline range - 46 months imposed

      Dat Quoc Nguyen: 87 - 108 guideline range - 46 months imposed

Again, compared to Roberts, the duration of the criminal activity is longer, the attributable weight is greater, the proceeds generated from the sales is higher.

**Conclusion**

      To avoid unwarranted disparity a below guideline sentence is appropriate in this case. Drawing a hierarchy of these offenders, places Roberts at the bottom of the scale. His offense starts at a lower level than the others; he has accepted responsibility; he has satisfied the elements of safety valve. He is actively receiving

counseling to cope with his situation while in detention[2] and will proactively continue with therapy when released. His net advisory range is 37 - 46 months. The Court should adjust his sentence to align with sentences imposed in the similar cases.

For the foregoing reasons, a custodial sentence of 18 months followed by a term of supervised release requiring psychological counseling is appropriate for Cullen Roberts.

                                           Respectfully submitted,

                                           /s/ Jay L. Strongwater
                                           Georgia Bar No. 688750
                                           jls@strongh2o.com
                                           Pro Hac Counsel for Defendant

                                           Joan Robin
                                           VA Bar Number: 44502
                                           Joni@jonirobinlaw.com
                                           Local Counsel for Defendant

---

[2] See letter of Anne Zalewski, LCSW, at William Truesdale Detention Center, attached as Exhibit 7.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of the within and foregoing pleadings upon counsel for the government by electronically posting through the District Court's ECF Filing System, addressed as follows:

Katherine E. Rumbaugh, Esq.
Assistant United States Attorney
Katherine.Rumbaugh@usdoj.gov

This _____ day of October, 2021.

                                                                Joan Robin
                                                                VA Bar Number: 44502
                                                                joni@jonirobinlaw.com

114 North Alfred Street
Alexandria, CA 22314
(703) 319-1111
Local Counsel for Defendant