AO 245B (Rev. 09/19) (VAED 9/21) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | )    **JUDGMENT IN A CRIMINAL CASE** |
| | ) |
| v. | )    Case Number:    1:21cr00164-001 |
| | ) |
| CULLEN LATHAM ROBERTS, | )    USM Number:    19987-509 |
| A.K.A. "PILL PUSHER," | ) |
| | )    Joan Robin and Jay Strongwater, Esquires |
| | )     Defendant's Attorney |

The defendant pleaded guilty to Counts 1, 2, and 3 of the Criminal Information.

The defendant is adjudged guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §841 (a)(1) | Distribution of Adderall | 08/05/2020 | 1 |
| 21 U.S.C. §841 (a)(1) | Distribution of Oxymorphone | 09/08/2020 | 2 |
| 21 U.S.C. §841 (a)(1) | Distribution of Oxycodone | 10/08/2020 | 3 |

    The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 2, 2021
Date of Imposition of Judgment

/s/
Leonie M. Brinkema
United States District Judge

November 2, 2021
Date

AO 245B (Rev. 09/19) (VAED 9/21) Judgment in a Criminal Case
Sheet 2 - Imprisonment

| | |
|---|---|
| Case Number: | 1:21cr00164-001 |
| Defendant's Name: | ROBERTS, CULLEN LATHAM |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWENTY-FOUR (24) MONTHS, as to each of Counts 1, 2, and 3, to run concurrently; with credit for time served.

The Court makes the following recommendations to the Bureau of Prisons:
1. The defendant to be designated to a F.C.I. Danbury, Connecticut or similar facility where defendant can participate in a program similar to the RESOLVE program.

The defendant is remanded into the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____
_____

Defendant delivered on _____ to _____
at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By          _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) (VAED 9/21) Judgment in a Criminal Case
    Sheet 3 – Supervised Release

---

| | |
|---|---|
| **Case Number:** | **1:21cr00164-001** |
| **Defendant's Name:** | **ROBERTS, CULLEN LATHAM** |

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of THREE (3) YEARS, as to each count; to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19) (VAED 9/21) Judgment in a Criminal Case
Sheet 3 – Supervised Release

| | |
|---|---|
| Case Number: | 1:21cr00164-001 |
| Defendant's Name: | ROBERTS, CULLEN LATHAM |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19) (VAED 9/21) Judgment in a Criminal Case
Sheet 3A – Supervised Release

| | |
|---|---|
| Case Number: | 1:21cr00164-001 |
| Defendant's Name: | ROBERTS, CULLEN LATHAM |

# SPECIAL CONDITIONS OF SUPERVISION

1. For the first TWELVE (12) MONTHS of supervision the defendant will be on home confinement which shall include GPS monitoring. The defendant shall abide by all technology requirements. The defendant shall be restricted to his residence at all times except for work related purposes; educational programs, religious services, medical needs for himself, to meet with mental health counselors, probation, or his attorney, or other activities as pre-approved by the probation officer. The costs of partipation in the location monitoring program are waived.

2. The defendant must remain drug free and his probation officer may require random drug testing at any time. Should a test indicate drug use, then the defendant must satisfactorily participate in, and complete, any inpatient or outpatient drug treatment to which defendant is directed by the probation officer. The defendant shall waive all rights of confidentiality regarding substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider. The defendant to pay all costs as able, as directed by the probation officer.

3. The defendant shall undergo a mental health evaluation and, if recommended, participate in a program approved by the United States Probation Office for mental health treatment, which program may include residential treatment and testing, all as directed by the probation officer. The defendant shall take all medications as prescribed and waive all rights of confidentiality regarding mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider. The defendant to pay all costs as able, as directed by the probation officer.

4. The defendant shall disclose these felony convictions to all medical professionals.

5. The defendant shall provide the probation officer access to requested financial information.

6. The defendant shall make a good faith effort to obtain and maintain full-time, verifiable employment as directed by the probation office.

7. The defendant shall comply with the requirements of the Computer Monitoring Program as administered by the Probation Office. The defendant shall consent to the installation of computer monitoring software on any personal computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of monitoring shall be paid by the defendant as able, as directed by the probation officer.

8. The defendant shall not access any dark net sites.

9. The defendant shall not have any contact with anyone employed in the State Farm office located at 106 Colony Park Drive, Cumming, Georgia during the period of October 2019 through October 2020. This includes Lauren Phillips and Alexis Fuller.

AO 245B (Rev. 09/19) (VAED 9/21) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

---

**Case Number:**       1:21cr00164-001
**Defendant's Name:**  ROBERTS, CULLEN LATHAM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 7.

|            | **Assessment** | **Restitution** | **Fine** |
|------------|----------------|-----------------|----------|
| **TOTALS** | $ 300.00       | $ 0.00          | $ 0.00   |

AO 245B (Rev. 09/19) (VAED 9/21) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

| | |
|---|---|
| **Case Number:** | **1:21cr00164-001** |
| **Defendant's Name:** | **ROBERTS, CULLEN LATHAM** |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payment of $_____ due immediately, balance due
   ☐ not later than _____ , or
   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**  ☒  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $       over a period of       *(e.g., months or years)*, to commence       *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $       over a period of       *(e.g., months or years)*, to commence       *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within       *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit all interest in $10,417.00 to the United States:
   SEE: Consent Order of Forfeiture entered by this Court on November 2, 2021 for details.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.